IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

    Plaintiff,

vs.                                          No. CV 18-0441 RB/KRS

DA ERIK SCRAMBLEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(A) on the Complaint (Tort) filed by Plaintiff Woodrow Dunn, Jr., on May 10, 2018. (Doc. 1.) The Court dismisses the Complaint based on prosecutorial immunity, failure to state a claim for relief, and the bar of *Heck v. Humphry*, 512 U.S. 477 (1994). The Court also declines to grant leave to amend the Complaint and to exercise supplemental jurisdiction over any state law claims.

### 1. Factual and Procedural Background

Plaintiff Woodrow Dunn, Jr., is a prisoner incarcerated at the Northeastern New Mexico Correctional Facility. (Doc. 1 at 1.) Plaintiff is proceeding pro se and *in forma pauperis.* On February 24, 2013, Plaintiff shot and killed David Rogers at close range in front of witnesses including Plaintiff's father, Woodrow Dunn Sr.

Plaintiff was charged with first degree murder in New Mexico state court cause no. D-506-CR-201400159. The Court has reviewed the official record in Plaintiff's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in case no. D-506-CR-201400159. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may

take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. Sept. 26, 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. Oct. 24, 2003) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In case no. D-506-CR-201400159, Plaintiff agreed to plead guilty to Second Degree Murder. The Plea and Disposition Agreement expressly stated that "there are no agreements as to sentencing" and noted that the basic sentence that could be imposed for Second Degree Murder was 15 years. The Agreement reserved the State's right to bring habitual offender charges as provided by law. (Oct. 6, 2014 Plea & Disposition Agreement.) Plaintiff was represented by counsel, and the Plea and Disposition Agreement was signed by Plaintiff and his attorney and was approved by the Court. (*Id.* at 3–5.) Dunn was sentenced to 15 years imprisonment with one-year enhancements under New Mexico's firearm statute and habitual offender statute. (Apr. 13, 2015 J. & Sentence.) Two days after sentencing, Plaintiff filed a Motion seeking to withdraw his plea on the grounds that the sentence imposed was not in accordance with the agreed recommendations in the Plea and Disposition Agreement. (Apr. 15, 2015 Mot. to Withdraw Plea.) The Court denied his motion to withdraw the plea. (Feb. 3, 2016 Order Denying Mot. to Withdraw Plea.)

On March 21, 2016, Plaintiff filed a Petition for Writ of Habeas Corpus in the state criminal proceeding. In his habeas corpus petition, Plaintiff raised issues of lack of competency and ineffective assistance of counsel. (Mar. 21, 2016 Pet. for Writ of Habeas Corpus at 2–4.) The State Court denied the Petition for Writ of Habeas Corpus but set aside the enhancement under

the habitual offender statute. (Mar. 28, 2017 Order Denying Pet. for Writ of Habeas Corpus & Setting Aside Enhancement Under Habitual Offender Statute.) The court entered an Amended Judgment and Sentence on April 3, 2017. Plaintiff filed a Notice of Appeal, appealing to the New Mexico Court of Appeals on April 30, 2018. That appeal is presently pending before the New Mexico Court of Appeals. In his appeal, Plaintiff raises issues arising out of an alleged incorrect statement by the District Attorney regarding the gun used to kill Mr. Rogers. (Apr. 30, 2018 Informal Docketing Statement (Crim.).)

Plaintiff filed his Complaint (Tort) in this Court on May 10, 2018. (Doc. 1.) Plaintiff variously refers to the Defendant as DA Erik Scramblen and DA Erik Scrablen. (*Id.* at 1; *see also* Doc. 5.)[1] Plaintiff Dunn claims that he was convicted of Second Degree Murder based on a false statement by DA Scramblen that:

> "Woodrow Dunn Jr intenshionally took the 357 out of the box a kill Mr. Roger that is False Fact. 'Fact' Mr. Rogers was not kill with a 357 . . . Fact I do not let Erik Scramblen retrack the statement quote <u>Erik Scramblen</u> Woodrow Dunn Jr intenshonlly took a 357 out the box and intentshionlly kill Mr. Rogers on 2-24-13 I was convicted with a false statement."

(Doc. 1 at 2, ¶ 5.) The essence of Plaintiff's claim is that the statement regarding shooting Mr. Rogers with a .357 magnum revolver is false because the gun actually used in the murder was a Ruger .44 magnum Super Black Hawk revolver. (*Id.* at 7, 9.) Plaintiff contends that the misstatement as to the caliber of the gun deprived him of his Fourth and Fourteenth Amendment rights to due process and a fair trial. (*Id.* at 2.) Plaintiff seeks $500,000 for false imprisonment, to have his "wrongful" conviction removed from his record, and to be released from prison. (*Id.* at 3.) His Amended Prayer for Relief asks this Court to expunge his full criminal record and order the Governor of New Mexico to issue him a full pardon and restore his gun rights. (Doc. 4 at 2.)

---

[1] The New Mexico Supreme Court official records list an attorney named Erik M. Scramlin with the Fifth Judicial District Attorney's Office.

## 2. Standard for Failure to State a Claim

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may

go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

**3. <u>Any Claims Against District Attorney Scramblen are Barred by Prosecutorial Immunity</u>**

It is well settled that the doctrines of judicial and prosecutorial immunity are applicable in actions, such as the case at bar, raising 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway*, 791 F.2d 1431, 1434–35 (10th Cir. 1986); *Collins on Behalf of Collins v. Tabet*, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the course of judicial proceedings. *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

*Van Sickle v. Holloway,* 791 F.2d at 1434–35 (quotations omitted).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F. Supp. 2d 1064 (D.N.M. 2006); *Johnson v. Lally*, 887 P.2d 1262, 1263 (N.M. Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Griffith v. Slinkard*, 44 N.E. 1001, 1002 (Ind. 1896); *Collins*, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The sole allegation against DA Scramblen is that, acting as prosecutor, he made an incorrect statement regarding the caliber of the gun during the criminal proceedings. (Doc. 1 at 2.) The Complaint makes no allegation that DA Scramblen made any statement or engaged in any activity outside the judicial phase of the criminal process. Defendant Scramblen is entitled to absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430. All claims against him, whether under federal or state law, fail to state any claim for relief and must be dismissed. 28 U.S.C. § 1915A(b).

### 4. The Allegations of the Complaint Fail to State a Federal Claim for Relief

Plaintiff asserts constitutional due process claims. (Doc. 1 at 2.) Although he does not cite to 42 U.S.C. § 1983, the Court construes his allegations as raising civil rights claims under § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

"Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property." *Becker,* 494 F.3d at 918 n. 8 (citation omitted). Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Hennigh v. City of Shanee,* 155 F.3d 1249, 1253 (10th Cir. 1998). First, a plaintiff must demonstrate that he

possesses a protected liberty or property interest. *Id.* Second, a plaintiff must show that he was not afforded an appropriate level of process. *Id.* "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." *Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 847 (1977). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)); *Twombly,* 550 U.S. at 570.

In this case, Plaintiff unquestionably had a liberty interest at stake in his state criminal proceedings. Plaintiff does name an individual defendant and sets out allegations of deprivation of due process rights. *Ashcroft*, 556 U.S. at 676. However, in addition to the Defendant being immune, Plaintiff's factual allegations do not demonstrate that he was deprived of the opportunity to be heard at a meaningful time and in a meaningful manner by the alleged incorrect statement that the gun he used to kill Mr. Rogers was a .357 magnum. Any confusion as to the caliber of the gun does not alter the fact that Plaintiff shot and killed Rogers in the presence of witnesses. Moreover, Plaintiff pled guilty to Second Degree Murder. The Plea and Disposition Agreement specifically states:

> "**Plea**: The defendant agrees to plead guilty to the following offense:
>
> **Second Degree Murder**, (0004), a second degree felony resulting in the death of a human being, contrary to § 30-02-01(B) NMSA 1978, occurring on or about February 24, 2013, as charged in Count 1 of the Criminal Information."

(Oct. 6, 2014 Plea & Disposition Agreement at 1.) Plaintiff's conviction and sentence were imposed based on his Plea and Disposition Agreement, not on any inaccurate statement by the prosecutor regarding the caliber of the gun. (Apr. 13, 2015 J. & Sentence.) Applying the 28

8

U.S.C. § 1915(e)(2)(B) standard, the allegations of the Complaint fail to state a constitutional due process claim for relief. *Mathews*, 424 U.S. at 333.

### 5. **Plaintiff's Civil Rights Claims are Barred Under *Heck v. Humphrey***

Further, even if Defendant Scramblen was not entitled to prosecutorial immunity, and the Complaint did state a § 1983 claim for relief, all civil rights claims in this case are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck*, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson*, 544 U.S. 74, 80–81 (2005); *see also Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff's prayer for relief specifically asks the Court to expunge his criminal sentence and record, release him from prison, and award him damages for false imprisonment. (Docs. 1 at 3; 4 at 2.) His request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Plaintiff's claims would require treating his sentence in Fifth Judicial District cause no. D-506-CR-201400159 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 556–57 (10th Cir. 1999).[2]

---

[2] To the extent Plaintiff's request for relief could be construed as seeking habeas corpus relief, the Court notes that he filed a prior proceeding, No. CV 18-00394 JB/KK. The Court notified Plaintiff pursuant to

### 6. The Court Declines to Grant Leave to Amend

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standard. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's claims will still be barred by immunity or by *Heck v. Humphry*, any amendment of Plaintiff's Complaint would be futile, and the Court will not grant leave to amend.

### 7. The Court Will Not Exercise Supplemental Jurisdiction Over State Law Claims

Plaintiff's Complaint is on a New Mexico court form and states that his law suit is brought under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A. (Doc. 1 at 1.) Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a

---

*Castro v. United States*, 540 U.S. 375 (2003), that it intended to construe his filing as a first 28 U.S.C. § 2254 petition for writ of habeas corpus and gave him the option of amending or withdrawing the filing. Dunn chose to withdraw the filing. Moreover, even if the Court did construe his claims in this case as habeas corpus claims, they would be subject to dismissal for failure to exhaust his state court remedies in light of his pending state court appeal.

surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent the Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *Osborn*, 549 U.S. at 245.

## 8. **The Court Will Impose a Strike Under 28 U.S.C. § 1915(g)**

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock*, 549 U.S. 199, 202–04 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in     a   civil action or proceeding under this section if the prisoner has, on 3 or   more       prior

11

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court concludes that Plaintiff's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the Prison Litigation Reform Act § 1915(g). Plaintiff is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED**:

(1) Plaintiff Woodrow Dunn's motion to amend prayer of relief (Doc. 4) is **GRANTED**;

(2) All federal claims in the Complaint (Tort) filed by Plaintiff Woodrow Dunn, Jr., on May 10, 2018 (Doc. 1) are **DISMISSED** with prejudice;

(3) The Court declines to exercise supplemental jurisdiction and dismisses any state law claims in the Complaint (Tort) filed by Plaintiff Woodrow Dunn, Jr., on May 10, 2018 (Doc. 1) without prejudice; and

(4) The Court imposes a **STRIKE** against Plaintiff Woodrow Dunn, Jr., under 28 U.S.C. § 1915(g).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE